United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Behavior Analyst Certification Board, Inc., dba Pearson Vue, and NCS Pearson, Inc., Plaintiffs, <br><br> v. <br><br> Evelyn Vera Rodriguez, Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-22834-Civ-Scola |

## Order on Magistrate Judge's Report and Recommendations and Entering Final Default Judgment

      This matter was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations on Plaintiffs Behavior Analyst Certification Board, Inc., doing business as Pearson Vue, and NCS Pearson, Inc.'s motions for default judgment and for fees and costs. Judge Goodman issued a report, recommending that the Court (1) grant the Plaintiffs' motion for default judgment (ECF No. 17), awarding them $144,810.00 in damages, and (2) grant, in part, and deny, in part, the Plaintiffs' motion for fees and costs (ECF Nos. 34, 36), awarding them $33,817.00. (Rep. & Recs., ECF No. 38.) The Plaintiffs have filed objections, identifying a clerical inaccuracy in the attorney's fees calculation and complaining that Judge Goodman erred in not awarding them their investigative costs. (Pls.' Objs., ECF No. 39.) Irrespective of the limited scope of the objections, the Court has considered Judge Goodman's report on a de novo basis and, aside from the calculation error, finds it cogent and compelling. While the Court appreciates the Plaintiffs' forthrightness, in identifying the mathematical discrepancy, in Defendant Evelyn Vera Rodriguez's favor, at the same time, the Court finds their objections about the investigative costs unavailing. Accordingly, the Court **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 38**), modifying it, only narrowly, as to the computational correction, thus **overruling, in part, and sustaining, in part**, the Plaintiffs objections (**ECF No. 39**) and, therefore, (1) **granting** the Plaintiffs' motion for default judgment (**ECF No. 17**) and (2) **granting, in part, and denying, in part**, the Plaintiffs' motions for fees and costs (**ECF Nos. 34, 36**).

      First, as to the computational and clerical discrepancies, in the number of hours submitted by the timekeepers in this case, the Court sustains the Plaintiffs' objections as to the $931 overage calculated by Judge Goodman. Correspondingly, the Court modifies the $33,817.00 fee awarded, reducing it to $32,886.00.

Conversely, the Court finds the Plaintiffs' objections as to Judge Goodman's recommendation that the Court deny their bid for an award of their investigative costs, unavailing. In their initial motion seeking costs, the Plaintiffs sought $57,013.78 for amounts "incurred retaining Nathans Investigations, LLC to investigate the nature and scope of the harm and damages incurred by the [Board] as a result of Rodriguez's theft." (Pls.' Mot. for Fees and Costs, ECF No. 34, 4.) As Judge Goodman points out, the Plaintiffs, in seeking these costs, reference the Defend Trade Secrets Act, Florida's Uniform Trade Secrets Act, and Federal Rule of Civil Procedure 54(d)(1) as legal support for their request. (Rep. & Recs. at 37.) None of these authorities, however, like Judge Goodman explains and the Plaintiffs do not dispute, supports an award for the investigative costs the Plaintiffs seek. Further, again as noted by Judge Goodman, the Plaintiffs' submission did not comply with the Local Rules, which requires, among other things, that movants use a particular Administrative Office form when seeking taxable costs. And, finally, to the extent the Plaintiffs seek non-taxable costs, they presented no authority justifying the award and, what's more, it appears such costs are frequently denied by Courts in this district.

In their objections, the Plaintiffs do not address any of these shortcomings. Instead, they point to a provision of the Copyright Act, allowing for the recovery of "full costs," and a district court in the Eastern District of Virginia's order, granting such costs, describing it as a "close issue." (Pls.' Objs. at 5 (quoting *Ez-XBRL Sols., Inc. v. Chapke*, 117CV700LMBTCB, 2018 WL 5808724, at *11 (E.D. Va. Sept. 25, 2018), *rep. and recs. adopted,* 117CV00700LMBTCB, 2018 WL 5809406 (E.D. Va. Oct. 22, 2018)).) The Court declines to consider the Plaintiffs' argument, submitted for the first time in their objections. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); *see also Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (parties must take before the magistrate judge "not only their best shot but all of their shots") (cleaned up).

In sum, then, the Court (1) **sustains, in part, and overrules, in part**, the Plaintiffs' objections (**ECF No. 39**); (2) **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 23**), modifying it to the limited extent described above; (3) **grants, in part, and denies, in part**, the Plaintiffs' motions for fees and costs (**ECF Nos. 34, 36**); and (4) **grants** the Plaintiffs' motion for default judgment (**ECF No. 17**). As a result, the Court enters **final default judgment** against Defendant Evelyn Vera Rodriguez and in favor of Plaintiffs Behavior Analyst Certification Board, Inc,. and NCS Pearson, Inc., awarding the Plaintiffs **$144,810.00** in damages and **$32,886.00** in fees.

The Court directs the Clerk to **close** this case. The Court also **denies as moot** any other pending motions in this case.

**Done and ordered** at Miami, Florida on September 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
**Evelyn Vera Rodriguez**
3115 SW 69th Ave.
Miami, FL 33155